IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**PIERRE QUARAN HAMILTON,**

                    **Petitioner,**

      v.                                                   **CASE NO. 25-3126-JWL**

**KANSAS DEPARTMENT OF CORRECTIONS[1],**

                    **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Kansas prisoner Pierre Quaran Hamilton to challenge his 2024 state-court convictions. (Doc. 1, p. 1.) The petition received by the Court is on the court-approved form required for a § 2254 petition, but it is missing pages 6, 7, and 8 of the form. *See id.* at 4 (page 5 of the form) and 5 (page 9 of the form). These are pages on which a petitioner should identify the first two asserted grounds for federal habeas relief and they form an integral part of a petition under § 2254. Therefore, Petitioner will be granted time in which to submit the missing pages, which will be added to the petition currently filed at Doc. 1. In the alternative, if Petitioner prefers, he instead may submit for filing a single complete petition that includes all the pages of the required form, which will be filed in this case as an amended petition.

---

[1] Petitioner has named the Kansas Department of Corrections as Respondent in this action, but the proper respondent in a federal habeas action by a state prisoner is the person who has custody over the petitioner. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("[I]n habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held."). Thus, Jesse Howes, the current warden of Lansing Correctional Facility, where Petitioner is confined, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Federal Rules of Civil Procedure 25(d) and 81(a)(4).

With the petition, Petitioner filed multiple documents seeking leave to proceed in forma pauperis, meaning without paying the filing fee; the Court directed the clerk to file all of these documents at Doc. 2. Rule 3(a) of the Rules Governing § 2254 Cases in the United States District Courts requires that a petition filed under § 2254 "must be accompanied by" either the filing fee or "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution." 28 U.S.C. foll. § 2254. Local Rule 9.1(g)(2)(A) imposes the same requirements. D. Kan. Rule 9.1(g)(2)(A).

Petitioner has filed the required motion to proceed in forma pauperis and the required affidavit. (Doc.2, p. 1-7.) He has also filed 9 pages of "Inmate Banking Transaction History," which reflect the various transactions to Petitioner's inmate cash account, his forced savings account, and his mandatory savings account. (Doc. 2-1.) But the pages do not "show[] the amount of money or securities that [P]etitioner has in any account" at Lansing Correctional Facility. The documents list transactions, but do not include the current balances of Petitioner's accounts. Without this information, the Court cannot meaningfully consider Petitioner's motion to proceed without paying the filing fee in this action. Accordingly, Petitioner will be granted time in which to submit the certificate required by Habeas Rule 3(a) and Local Rule 9.1(g)(2)(A), after which the Court will rule on the motion. In the alternative, Petitioner may submit payment of the $5.00 filing fee for this matter.

With his petition and the motion to proceed in forma pauperis, Petitioner filed a motion for appointment of counsel. (Doc. 3.) When this Court considers whether to appoint counsel in a federal habeas corpus action, it considers many things, including the merits of the claims being

asserted. *See Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). Since the pages missing from the petition filed in this matter are the pages on which space is provided for identifying Grounds One and Two of this action, the Court defers ruling on this motion until a complete petition is on file.

**IT IS THEREFORE ORDERED** that Jesse Howes, Warden of Lansing Correctional Facility, where Petitioner is confined, is substituted as Respondent in this matter.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **August 8, 2025**, in which to either (1) submit pages 6, 7, and 8 of the form petition, which were not received by the Court or (2) submit a complete amended petition that contains all the pages of the required form. The clerk is directed to send Petitioner the form for filing an amended § 2254 petition in case Petitioner chooses the second option.

**IT IS FURTHER ORDERED** that Petitioner is granted to and including **August 8, 2025** in which to either (1) provide the required financial certificate to support his motion to proceed in forma pauperis or (2) submit payment of the $5.00 filing fee for this action. If Petitioner fails to timely comply with this order, this matter may be dismissed without prejudice and without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 8th day of July, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge