IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PIERRE QUARAN HAMILTON,

                                    Petitioner,

      v.                                                    CASE NO. 25-3126-JWL

GLORIA GEITHER,

                                    Respondent.

### MEMORANDUM AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner Pierre Quaran Hamilton, a state prisoner incarcerated at Lansing Correctional Facility in Lansing, Kansas. The Court has now received the financial information required to process Petitioner's motion for leave to proceed in forma pauperis in this action. (Docs. 2 and 13.) The motion (Doc. 2) will be granted. The Court conducted an initial review of the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that the claims within are not exhausted. Petitioner will be granted time in which to show cause why this matter should not be dismissed without prejudice to refiling after he exhausts his claims in state court. Also before the Court is Petitioner's motion for appointment of counsel (Doc. 3), which will be denied for the reasons explained below.

### Background[1]

In 2022, Petitioner was named a defendant in a small claims case filed by Lonnie Davis in

---

[1] The information set forth in this section is not intended to constitute findings of fact that have legal effect. Rather, it is an attempt by this Court to provide context for Petitioner's current case by taking judicial notice of the available online records of the Wyandotte County District Court and the Kansas Appellate Courts, as well as the records of a previous action Petitioner filed in this Court, *Hamilton v. State of Kansas*, Case No. 24-3037-JWL.

1

the District Court of Wyandotte County, Kansas *See Davis v. Hamilton*, Wyandotte County Case No. 2022-SC-000068. The online records of the Wyandotte County District Court reflect that District Judge Tony Martinez presided over the small claims case. *Id.* In October 2022, after leaving a hearing in that case, Petitioner was involved in a physical altercation with Mr. Davis, which led to Petitioner's arrest. *See Hamilton v. Wyandotte Cnty. Dist. Ct.*, 2025 WL 1696524, *1 n.1 (D. Kan. June 17, 2025) (unpublished). The state filed criminal charges against Petitioner in Wyandotte County District Court case number 2022-CR-001105.

After Mr. Davis died, apparently due at least in part to the injuries inflicted by Petitioner, the small claims case was dismissed. *See Davis v. Hamilton*, Wyandotte County Case No. 2022-SC-000068, Dismissal (Dec. 7, 2022) (document dismissing case and noting that the plaintiff was deceased). The criminal charges against Petitioner were amended to one count of second-degree murder and one count of mistreatment of a dependent adult or elder person. *See State v. Hamilton*, Case No. 2022-CR-001105, First Amended Information (filed Jan. 10, 2023). In June 2024, after the jury trial on those charges had begun, Petitioner pled no contest to and was found guilty of unintentional second-degree murder and mistreatment of a dependent adult or elder person. (*See* Doc. 7, p. 1.) In August 2024, the district court sentenced Petitioner to 154 months in prison. *Id.* Petitioner pursued a direct appeal to the Kansas Court of Appeals ("KCOA"), but on June 26, 2025, he voluntarily dismissed his appeal without having filed a brief. *Id.* at 2; (*see also* Doc. 1-1, p. 2).

Petitioner filed his federal petition for writ of habeas corpus in this Court on July 3, 2025. (Doc. 1.) The operative amended petition (Doc. 7) was filed on July 16, 2025. Therein, he asserts two grounds for relief. *Id.* at 5-6. As Ground One, Petitioner alleges the violation of the Fourteenth Amendment to the United States Constitution. As supporting facts for Ground One, Petitioner

states:  "The 'Journal Entry' is Void [and] of no effect that the K.D.O.C. including (El Dorado Facility) til my current (Lansing Correctional Facility) used to execute my transfer of custody [and/or] having custody of me 'M'sieur' P.H." *Id.* at 5 (all errors in original). As Ground Two, Petitioner asserts the violation of his Fourth Amendment rights, stating as supporting facts:  "I, 'M'sieur' P.H. in accordance w[ith] K.S.A. 21-5231 should NOT have been seized for complying w[ith] Hon. Martinez ruling." *Id.* at 6 (all errors in original). As relief, Petitioner asks this Court to vacate his convictions with prejudice, order his immediate release and the expungement of his criminal record, and award him any appropriate financial relief. *Id.* at 14.

## Rule 4 Review

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Because Petitioner is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

## Exhaustion

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the KCOA or the Kansas Supreme

Court ("KSC"), which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

In this case, Petitioner candidly admits that he has not exhausted either of the grounds for relief in his amended federal habeas petition. (Doc. 7, p. 5-7.) He explains that his "faith in the State of Kansas District, Appeal [and] Supreme Courts has been broken [and his] Fate is in the Federal Court . . . ." *Id.* at 4. Petitioner further states that he voluntarily dismissed his state-court appeal "for the same reasons I brought 500.00 cash on 10-5-22, I remain a faithful subject of Hon. Martinez ruling [and] pray my 'dismissal' reflects that." *Id.* at 5 (all errors in original). Later in the petition, after again conceding that he has not exhausted his asserted grounds for relief, Petitioner asserts that "the State of Kansas is the violator of (Constitutional Rights) [and] they made me guilty to cover their negligence/reckless indifference of Federally protected rights of others." *Id.* at 11 (all errors in original). He also asserts that he "presented both grounds in Habeas Corpus 'Great Writ' in 2024 prior to trial."[2] *Id.* (all errors in original).

The Court pauses to note that the precise nature of the claims Petitioner intends to bring in this federal habeas action are far from clear. Even so, it is readily apparent from the amended petition that Petitioner has not argued these claims—or any claims—to the Kansas appellate courts, as required for exhaustion. Thus, the two grounds for relief in the amended petition are unexhausted.

---

[2] The Court notes that in 2024, Petitioner twice sought federal habeas relief under 28 U.S.C. § 2241 in this Court; both cases were ultimately dismissed without prejudice. *See Hamilton v. Kansas*, Case No. 24-3067-JWL (dismissed on June 25, 2024 under Fed. R. Civ. P. 41(b) for failure to comply with a court order); *Hamilton v. Soptic*, Case No. 24-30880-JWL (dismissed on July 30, 2024 under the federal abstention doctrines in *Ex parte Royall*, 117 U.S. 241 (1886), and *Younger v. Harris*, 401 U.S. 37 (1971)).

"Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies." *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted). The exhaustion requirement "reflects a policy of federal-state comity" and is "'an accommodation of our federal system designed to give the State an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Picard*, 404 U.S. at 275 (citations omitted). In other words, the state courts must have the first chance to remedy violations of the rights of state prisoners under sentence for violations of state law, even when the rights in question are guaranteed by the United States Constitution. *See id.* at 275-76. The Court recognizes Petitioner's assertion that his faith in the state court system "has been broken," but a subjective loss of faith is not one of the bases on which this Court can allow a § 2254 petitioner to avoid the exhaustion requirement. (*See* Doc. 7, p. 4.)

Instead, a federal court can excuse a lack of exhaustion "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The Court may "ignore the exhaustion requirement altogether and deny the petition on the merits" because "none of the petitioner's claims has any merit." *See Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009). And "exhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition. In such a case, resort to state judicial remedies would be futile." *See Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991).

None of these situations appear to be present here. Even liberally construing the amended petition, Petitioner does not allege that he could not raise his federal constitutional issues in his direct appeal that had begun in the state courts. It appears instead that Petitioner decided he would

prefer to seek relief in the federal court. But exhaustion requires Petitioner to raise the issues first to the state appellate courts, whether in a direct appeal or, if necessary, in a subsequent postconviction proceeding in the state courts, such as a motion to withdraw his plea or a motion for habeas relief under K.S.A. 60-1507. This Court offers no opinion on the potential for success in any such state-court proceeding. It notes only that opportunities to seek redress in state court—and thereby satisfy the federal exhaustion requirement—appear to remain available to Petitioner.

In addition, the information currently before this Court does not reflect that the state corrective process is so clearly deficient that further state-court efforts would be futile or that the KSC has recently decided the precise legal issues raised in this federal habeas petition. Accordingly, the Court will direct Petitioner to show good cause, in writing, why this matter should not be dismissed without prejudice so that Petitioner may exhaust his claims in state court before seeking federal habeas relief. If Petitioner fails to file a timely response to this order, this matter will be dismissed without prejudice for failure to exhaust.

## Motion for Appointment of Counsel (Doc. 3)

Also before the Court is Petitioner's motion for appointment of counsel. (Doc. 3.) Petitioner identifies his unsuccessful attempts to obtain representation and he asks the Court to consider that he is grieving and emotionally compromised due to the death of his 16-year-old son. *Id.* at 1-3. The Court has liberally construed and carefully considered Petitioner's motion for appointment of counsel.

Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Lomack v. Farris*, 2025 WL 397520, *1 (10th Cir. Feb. 4, 2025) (unpublished) (citing *Finley* and *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008), for the holding that "there is no constitutional right to counsel in habeas proceedings.").

Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). This Court may appoint counsel in a federal habeas action if it "determines that the interest of justice so require." *See* 18 U.S.C. § 3006A(a)(2)(B).

The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). In deciding whether to appoint counsel for Petitioner, the Court has considered "the merits of [his] claims, the nature and complexity of the factual and legal issues, and [Petitioner's] ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115.

The Court notes its conclusion that this case is subject to dismissal without prejudice so that Petitioner can exhaust his claims in state court as required. Thus, the Court will deny the motion without prejudice to refiling if this matter survives the initial Rule 4 review and the case develops in a way that warrants counsel. For example, if discovery is authorized in this matter, counsel may become necessary. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 6, 28 U.S.C.A. foll. § 2254. Similarly, if an evidentiary hearing becomes necessary, the Court will appoint an attorney to represent Petitioner. *See Id.* at Rule 8(c).

**IT IS THEREFORE ORDERED** that the motion for leave to proceed in forma pauperis (Doc. 2) is **granted.**

7

**IT IS FURTHER ORDERED** that the motion for appointment of counsel (Doc. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Petitioner is granted until and including **September 8, 2025**, to submit a written response to this order and show cause why this matter should not be dismissed without prejudice because Petitioner has not exhausted his claims in state court. The failure to timely file a response to this order will result in the dismissal of this matter without prejudice and without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 6th day of August, 2025, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge