IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PIERRE QUARAN HAMILTON,

                Petitioner,

v.                                                      CASE NO. 25-3126-JWL

GLORIA GEITHER,

                Respondent.

## MEMORANDUM AND ORDER

Petitioner and state prisoner Pierre Quaran Hamilton brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. On August 6, 2025, the Court issued a memorandum and order to show cause (MOSC) granting Petitioner to and including September 8, 2025 in which to show good cause, in writing, why this matter should not be dismissed without prejudice because Petitioner has failed to exhaust his claims in state court. (Doc. 8.) Petitioner has filed a response to the MOSC (Doc. 17), an amended response to the MOSC (Doc. 18), and a motion to vacate sentence (Doc. 16). For the reasons explained below, the motion to vacate sentence will be denied and this matter will be dismissed without prejudice.

### Motion to Vacate Sentence (Doc. 16)

In the motion to vacate sentence, Petitioner restates his arguments that this Court should issue an order vacating his convictions and sentences. (Doc. 16.) The relief Petitioner seeks in this motion is federal habeas relief. It is not available by way of a motion filed in a federal habeas case such as this one. A state prisoner seeking the reversal of state-convictions due to constitutional violations must file a petition for writ of habeas corpus under 28 U.S.C. § 2254, which is how

1

Petitioner began this case. The petition was screened and the merits of Petitioner's claims may not be considered if they are unexhausted, as explained in the MOSC. Petitioner may not avoid the exhaustion requirement by seeking federal habeas relief through a motion instead of a petition. The motion to vacate sentence will be denied.

**Background**

Petitioner is familiar with the events that led to his prosecution and conviction and the Court sees no need to repeat them in detail here. It is sufficient to say that in June 2024, in the district court of Wyandotte County, Kansas, Petitioner pled no contest to and was found guilty of unintentional second-degree murder and mistreatment of a dependent adult or elder person. (Doc. 7, p. 1.) The state district court sentenced him to 154 months in prison. *Id.* Petitioner pursued a direct appeal to the Kansas Court of Appeals but on June 26, 2025, he voluntarily dismissed his appeal without having filed a brief. *Id.* at 2; (*see also* Doc. 1-1, p. 2).

Petitioner filed his federal petition for writ of habeas corpus in this Court on July 3, 2025. (Doc. 1.) The operative amended petition was filed on July 16, 2025. (Doc. 7.) Petitioner asserts two grounds for relief and asks the Court to vacate his convictions, order his immediate release and the expungement of his criminal record, and award him financial relief. *Id.* at 5-6, 14. The Court reviewed the amended petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and issued the MOSC related to exhaustion of Petitioner's asserted grounds for relief. (Doc. 15.)

The MOSC explained:

> "'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1553 (10th Cir. 1994)). Generally speaking, to satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the Kansas appellate courts, which must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971). Petitioner bears the

> burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).
>
> In this case, Petitioner candidly admits that he has not exhausted either of the grounds for relief in his amended federal habeas petition. (Doc. 7, p. 5-7.)

(Doc. 15, p. 3-4.)

The MOSC further explained that generally, federal courts "'should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies.'" *Id.* at 5 (quoting *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir 2018) (internal citations and quotation marks omitted)). In the MOSC, "[t]he Court recognize[d] Petitioner's assertion that his faith in the state court system 'has been broken,' but a subjective loss of faith is not one of the bases on which this Court can allow a § 2254 petitioner to avoid the exhaustion requirement. (*See* Doc. 7, p. 4.)" (Doc. 15, p. 5.)

> Instead, a federal court can excuse a lack of exhaustion "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). The Court may "ignore the exhaustion requirement altogether and deny the petition on the merits" because "none of the petitioner's claims has any merit." *See Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009). And "exhaustion of state remedies is not required where the state's highest court has recently decided the precise legal issue that petitioner seeks to raise on his federal habeas petition. In such a case, resort to state judicial remedies would be futile." *See Goodwin v. Oklahoma*, 923 F.2d 156, 157 (10th Cir. 1991).

(Doc. 15, p. 5.)

Because the amended petition did not allege that either of those situations are present here, the Court concluded that this matter is subject to dismissal without prejudice so that Petitioner may exhaust his claims in state court before seeking federal habeas relief. *Id.* at 5-6. The Court therefore granted Petitioner time in which to show cause why it should not dismiss this case. *Id.* at 6. As noted above, Petitioner has filed a response (Doc. 16) and an amended response (Doc. 17). The

amended response contains the response plus one additional page, so the Court will refer in this order only to the amended response, not to both.

## Discussion

Petitioner, to his credit, readily concedes that he has not exhausted his claims in the state courts prior to seeking federal habeas relief. (Doc. 17, p. 1.) He appeals to the Court's humanity and sense of justice, asserting again that his constitutional and "basic human rights" are being violated by his incarceration for unconstitutional convictions. *Id.* at 1-3. Petitioner reminds the Court of the death of his 16-year-old son and the toll it has taken on him. *Id.* at 1. Petitioner asserts that the interest of justice require this Court to act and that the Court should exempt him from the exhaustion requirement because he is actually innocent. *Id.* at 3.

Most relevant, Petitioner clearly states that he is "not going to the Kansas Supreme Court because" the Kansas state courts have already denied his requests for habeas corpus relief five times—including three times before his trial. *Id.* at 2. He also characterizes the act of requiring him to exhaust his claims in state court "would be a form of cruelty considering [his] sincerest efforts to please the State of Kansas courts from [October 5, 2022 until June 26, 2025] in [his] Voluntary Dismissal of Appeal in the Court of Appeals." *Id.* at 4. Petitioner also challenges the correctness of a decision made by this Court in a previous federal habeas petition he filed. *Id.* at 5.

Even liberally construing Petitioner's response to the MOSC, it does not reflect the existence of circumstances that would allow this Court to excuse Petitioner's failure to exhaust his claims in state court prior to raising them in a federal habeas petition. As previously explained to Petitioner, his desire to bypass the state appellate courts because he has no faith in them is insufficient.[1] Nor does the asserted strength of the merits of Petitioner's arguments overcome the

---

[1] To allow a litigant to disregard the exhaustion requirement because he or she feels wronged by proceedings in the state district courts would, practically speaking, do away with the exhaustion requirement entirely. By virtue of the

exhaustion requirement.

As explained in the M&O and set forth above, state prisoners generally are required to exhaust claims in state court before a federal court may consider them. Although there are exceptions to the general exhaustion requirement, Petitioner's response, even when liberally construed, does not indicate that any of those exceptions apply. Accordingly, this matter will be dismissed without prejudice so that Petitioner may raise the claims asserted in this federal habeas petition to the state courts and exhaust them as required.

The Court emphasizes to Petitioner that the dismissal is *without* prejudice, meaning that if Petitioner exhausts his claims in state court, this dismissal will not prevent him from filing another petition for federal habeas relief under § 2254. Petitioner must, however, comply with other requirements for filing such a petition, including doing so within the applicable statute of limitations.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order in a habeas matter.

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to

---

nature of the relief available under 28 U.S.C. § 2254, every petitioner seeking federal habeas relief under that statute believes that his or her constitutional rights were violated during the related state-court criminal proceedings. *See* 28 U.S.C. § 2254 (stating that an application for relief under this statute shall be entertained "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States").

5

debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that the motion to vacate sentences (Doc. 16) is denied.

**IT IS FURTHER ORDERED** that this matter is dismissed without prejudice for failure to exhaust state court remedies. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 9th day of September, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
