IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PIERRE QUARAN HAMILTON,

                Petitioner,

v.                                            CASE NO. 25-3126-JWL

GLORIA GEITHER,

                Respondent.

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Pierre Quaran Hamilton. It was dismissed on September 9, 2025 and judgment was entered. (Docs. 20 and 21.) On September 12, 2025, Petitioner filed a "Request for Indigent Proof," in which he asked the Court for "proof of indigence via an Order" so he "may file a 'Petition for Review'" in the Kansas Supreme Court. (Doc. 22.) The Court denied the request, explaining:

> To the extent that Petitioner intends to appeal the dismissal of this matter, he must timely file a notice of appeal and comply with the Federal Rules of Appellate Procedure and the rules of the United States Court of Appeals for the Tenth Circuit. The dismissal of this federal habeas matter by this Court is not appealable to the Kansas Supreme Court. If Petitioner wants documentation that this Court permitted him to proceed in forma pauperis in this matter for another reason, he may contact the office of the Clerk of this Court and request a copy of the order that granted him leave to proceed in forma pauperis. (Doc. 15.) Petitioner will be required to prepay the standard fee charged for copies of documents.
>
> The Court further notes that in his filing, Petitioner states that he intends "to send copies of all correspondence" to this Court. Petitioner is directed to refrain from filing in this matter copies of correspondence. As Petitioner is aware, "'[e]very paper filed with the Clerk of this Court . . . requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.'" *Hamilton v. Wyandotte Cnty. Dist. Ct.*, 2025 WL 1707399, *5 (D. Kan. June 18,

1

> 2025) (unpublished) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). Utilizing the Court's limited resources to file Petitioner's correspondence in this closed case would not promote the interests of justice.
>
> This case was dismissed and judgment has been entered. Thus, generally speaking, the only documents appropriate for filing in this case are motions directed to the dismissal, such as those brought under Federal Rules of Civil Procedure 59 or 60, or filings required to pursue an appeal of the dismissal. Information about the procedures for initiating an appeal can be found in Rules 3, 4, and 5 of the Federal Rules of Appellate Procedure and additional information is available on the website of the United States Court of Appeals for the Tenth Circuit.

(Doc. 23, p. 1-2.)

Despite this language, the Court has now received from Petitioner for filing in this matter a document titled "Request for (Help) By Oath [and] Affirmation [*sic*]" and 30 pages of attachments. (Docs. 24 and 24-1.) In the document, Petitioner complains of constitutional violations by prison staff handling his mail and property, the failure to follow procedures, disciplinary actions, and a lack of response to his grievances. (Doc. 24, p. 1-3.) He asks this Court to end the violations. *Id.* at 3-4.

Liberally construed, the document now before the Court is a motion, which the Court will deny. This case is closed and, as explained in the Court's September 12, 2025 memorandum and order—and as quoted above—only motions directed toward the dismissal are appropriate for filing in this case. Even liberally construed, the motion now before the Court does not address the dismissal of this matter. Rather, it asserts new claims and complaints that, even if this case had not been dismissed, should not be brought in a federal habeas matter. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). *See Abdulhaseeb v. Ward*, 173 F. Appx. 658, 660 (10th Cir. 2006) (unpublished) ("[C]ounts relate[d] to the conditions of [the petitioner's] confinement, rather than the fact or length of his confinement, . . . are improperly brought [under the federal habeas statutes] and should be brought under 42 U.S.C. § 1983.").

Moreover, this matter was dismissed and this case is closed. The Court previously has warned Petitioner that filing in a closed case documents irrelevant to the dismissal in inappropriate, a burden on court resources, and may lead to filing restrictions. In a memorandum and order issued October 14, 2025 in case number 25-3125-JWL, the Court explained:

> This matter is a pro se civil rights action brought by Plaintiff and state prisoner Pierre Quaran Hamilton under 42 U.S.C. § 1983. It was dismissed on September 24, 2025 and judgment was entered the same day. Since then, Plaintiff has submitted additional documents for filing in this case. The documents describe conditions of Plaintiff's confinement, memorialize interactions between Plaintiff and KDOC staff, and contain notes addressed to the undersigned. *Id.* Even liberally construed, the documents do not seek reconsideration of the dismissal or relief from judgment. They appear to be intended to document Plaintiff's interactions with staff and conditions of his confinement.
>
> "'Every paper filed with the Clerk of this Court...requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.'" *Hamilton v. Wyandotte Cnty. Dist. Ct.*, 2025 WL 1707399, *5 (D. Kan. June 18, 2025) (unpublished) (quoting In re McDonald, 489 U.S. 180, 184 (1989)). In addition, "'[t]he right of access to the courts is neither absolute nor unconditional.'" *Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006) (citation omitted). "Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Ysais v. Richardson*, 603 F.3d 1175, 1180 (10th Cir. 2010) (citation omitted).
>
> Utilizing the Court's limited resources to process and file in a closed case documents irrelevant to the dismissal does not promote the interests of justice. Plaintiff's submission of such documents is approaching the level of abusive litigation. Plaintiff is cautioned that if he continues to submit inappropriate documents for filing in this closed case, he may be subject to filing restrictions. At this point, generally speaking, the only documents appropriate for filing in this case are motions directed to the dismissal, *see* Federal Rule of Civil Procedure 60, or documents required to pursue an appeal of the dismissal.

*Hamilton v. Unified Govt. of Kansas City, Kan.*, 2025 WL 2912629, *1 (D. Kan. Oct. 14, 2025) (unpublished) (record citations omitted).

This reasoning applies equally to the present case. Therefore, Petitioner is strongly cautioned that his practice of filing improper documents in a closed case is reaching the level of

abusive litigation. If Petitioner wishes to file a civil rights complaint under 42 U.S.C. § 1983 seeking relief based on the conditions of his confinement, he must file a complete and proper complaint that will begin a new case and he must either pay the required filing fee or move to proceed in forma pauperis. The forms for doing so are available at no cost to Petitioner from the clerk of this Court upon request. To be clear, Petitioner should not file motions in this matter seeking relief on new claims, nor should he submit for filing in this matter documentation of such claims. If he continues to do so, the Court will consider whether the imposition of more formal filing restrictions is required.

**IT IS THEREFORE ORDERED THAT** Petitioner's most recent filing (Doc. 24) is liberally construed as a motion and is **denied** for the reasons set forth in this order. Petitioner is directed to refrain from submitting for filing in this matter any document that is unrelated to reconsideration of the dismissal, relief from judgment, and/or an appeal of the dismissal.

**IT IS SO ORDERED.**

DATED:   This 20th day of November, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
